**Martha Munoz BUSSO; Roberto Vera Diaz, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76013.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Martha Munoz Busso, Laguna Hills, CA, pro se.

Roberto Vera Diaz, Laguna Hills, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Martha Munoz Busso and Roberto Vera Diaz, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision affirming without opinion an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We dismiss in part, and grant in part, the petition for review, and remand for further proceedings.

We lack jurisdiction to review the IJ's discretionary determination that Vera Diaz did not establish the requisite hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

On the record before us, we cannot determine whether Munoz Busso's return to Mexico in 1996 was a border turnaround or uninformed voluntary departure, or a knowing acceptance of administrative voluntary departure. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006) (concluding that "before it may be found that a presence-breaking voluntary departure occurred, the record must contain some evidence that the alien *was informed of and accepted its terms* ") (internal quotations omitted); *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005). We therefore grant the petition in part and remand for further proceedings consistent with our decisions in *Tapia* and *Ibarra–Flores.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.